LEO KAHN REVOCABLE TRUST, IN THE MATTER OF THE, 102 Mass. App. Ct. 38

 
 IN THE MATTER OF THE LEO KAHN REVOCABLE TRUST.

102 Mass. App. Ct. 38
 October 13, 2022 - December 12, 2022

Court Below: Probate and Family Court, Norfolk Division
Present: Green, C.J., Henry, & Englander, JJ.

 

No. 21-P-929.

Uniform Trust Code. Trust, Removal of trustee, Revocable trust. Statute, Construction. Probate Court, Trust. Practice, Civil, Motion to dismiss.

In the circumstances of a petition brought by a beneficiary and trustee of a revocable trust (petitioner), in which the petitioner sought to remove the other trustee (respondent) pursuant to G. L. c. 203E, § 706 (b) (4) (which provides for removal of a trustee if requested by all the qualified beneficiaries and, among other requirements, such removal was not inconsistent with a material purpose of the trust), a Probate and Family Court judge erred in granting the respondent's motion to dismiss, where the trust instrument did not unambiguously prohibit the use of § 706 (b) (4) as a viable basis for removal; accordingly, this court vacated the judgment and remanded the matter for further proceedings to resolve the ambiguity. [41-45]

Petition filed in the Norfolk Division of the Probate and Family Court Department on May 5, 2020.

 A motion to dismiss was heard by Elaine M. Moriarty, J.

 Tyler E. Chapman for the petitioner.

 Mathilda McGee-Tubb (Catherine S. Lombardo also present) for the respondent.

 ENGLANDER, J. This case requires us to consider a trust instrument, and its relationship to the Massachusetts Uniform Trust Code (trust code), G. L. c. 203E, in determining whether the petitioner Emily Kahn, a beneficiary and trustee of the trust, has a claim to remove the other trustees. The sole basis Emily relies upon for removal is § 706 (b) (4) of the trust code, which states that a court may remove a trustee if "removal is requested by all of the qualified beneficiaries" and, among other requirements, removal "is not inconsistent with a material purpose of the trust."

 The respondent trustee, Joseph Kahn, who is the petitioner's stepson, opposes removal, arguing that under the trust he may be removed only "for cause," and that the basis set forth in § 706 (b) (4) does not qualify as a for cause removal. On a motion 

 Page 39 

to dismiss, a Probate and Family Court judge agreed with Joseph [Note 1] and dismissed the petition. We vacate the dismissal because we do not agree, at the motion to dismiss stage, that the trust instrument unambiguously prohibits use of § 706 (b) (4) as a viable basis of removal. We remand for further proceedings.

 Background. Leo Kahn, the settlor of the Leo Kahn Revocable Trust (trust) and Emily's late husband, executed the trust instrument in 2006. The trust provides that Emily, Joseph, and Theodore Samet [Note 2] would serve together as trustees upon the settlor's death. Also upon the settlor's death, the trust was to be split into two "shares," the "Spousal Share" and the "Donor's Family Share," with Emily being a lifetime beneficiary of each. [Note 3] Leo passed in 2011, thus triggering Emily's interests in the shares and rendering her, Joseph, and Samet the trustees.

 After Leo died, Emily, Joseph, and Samet served as cotrustees for approximately nine years until Emily filed a petition in May 2020, seeking to remove Joseph and Samet as trustees of the spousal share, invoking § 706 (b) (4). That statute provides, as relevant here:

"The court may remove a trustee if . . . removal is requested by all of the qualified beneficiaries, the court finds that removal of the trustee best serves the interests of all of the beneficiaries and is not inconsistent with a material purpose of the trust and a suitable co-trustee or successor trustee is available."

G. L. c. 203E, § 706 (b) (4). [Note 4]

 Joseph moved to dismiss the petition, arguing that the terms of the trust prevent his removal under § 706 (b) (4). Joseph's 

 Page 40 

arguments relied on two sections of the trust in particular. The first is article 16.06, which provides for removal of any trustee "for cause." Article 16.06 also expressly defines "cause" -- it "shall mean any one of" a list of thirteen reasons. The first twelve reasons, reprinted in the margin, [Note 5] are fairly specific, and generally (though not exclusively) relate to some form of trustee disability or malfeasance, such as "dishonesty, fraud, [or] embezzlement." The thirteenth reason, however, is broader; under article 16.06(13), "cause" also includes "[a]ny other reason for which a state court of competent jurisdiction would remove a trustee." 

 The second removal provision is article 16.11, which will become operative after Emily dies. It provides that

 Page 41 

"[a]fter the death of the Donor's Spouse, the Beneficiary of a trust share may at any time or from time to time remove any Trustee of such Beneficiary's trust, (other than a Trustee or Successor Trustee named by the Donor), with or without cause . . ." (emphasis added).

Article 16.11 thus draws a distinction between removal with cause, and removal "without cause," although it does not further define "without cause."

 Joseph argued that articles 16.06 and 16.11, read together, prevented his removal "without cause," since he is a "Trustee named by the Donor"; he further argued that § 706 (b) (4) is a "without cause" form of removal, and that accordingly he cannot be removed under § 706 (b) (4). The judge agreed, and this appeal followed.

 Discussion. The question before us, broadly stated, is whether the trust precludes resort to § 706 (b) (4) as a basis for removal of Joseph as trustee. This question, however, must be addressed in two steps: (1) if the trust instrument is inconsistent with a provision of the trust code, does the trust provision prevail, and (2) assuming that the trust provision would prevail in the event of inconsistency, does the trust instrument here prevent resort to § 706 (b) (4)?

 As to the first question, the terms of the trust would prevail if it is ultimately determined that the trust precludes removal on bases such as that set forth in § 706 (b) (4). The trust code, G. L. c. 203E, § 105 (b), sets forth the general rule that "[t]he terms of a trust shall prevail over any provision of" the trust code. There are exceptions to this general rule; that is, there are provisions of the trust code that cannot be obviated by the trust instrument -- in particular, the powers granted to courts in G. L. c. 203E, §§ 410-412 and 414-415. Emily claims that § 706 (b) (4) qualifies by analogy for such an exception and cannot be overridden by the trust. See G. L. c. 203E, § 105 (b) (1)-(10). We do not agree with Emily's contention here, because the specific language of § 706 (b) (4) tells us that the trust instrument would prevail if Joseph's reading of the trust is correct; § 706 (b) (4) states that it can be invoked only if it is "not inconsistent with a material purpose of the trust." G. L. c. 203E, § 706 (b) (4). Accordingly, if the trust provisions are construed as precluding removal under a basis such as § 706 (b) (4), then such would be a material purpose 

 Page 42 

of the trust, and § 706 (b) (4) would not apply. [Note 6] See Wilson v. Elkhorn Valley Bank & Trust (In re Fenske), 303 Neb. 430, 438-443 (2019) (settlor's chosen trustee was material purpose of trust, precluding resort to Nebraska's version of § 706 [b] [4]).

 That brings us to the second question, which requires construction of the trust instrument to determine whether it precludes removal of a trustee pursuant to § 706 (b) (4). Applying a de novo standard of review, see Poulos v. Poulos, 100 Mass. App. Ct. 40, 43 (2021), we conclude that the trust is ambiguous as to whether removal under § 706 (b) (4) would constitute a "for cause" or "without cause" reason for removal, and that it was therefore error to dismiss Emily's petition for failure to state a claim.

 Trust instruments are subject to the same rules of interpretation as written contracts. See Ferri v. Powell-Ferri, 476 Mass. 651, 654 (2017). Thus, in ascertaining whether trust language is clear or ambiguous we "first examine the language . . . by itself, independent of extrinsic evidence concerning the drafting history or the intention of the parties" (citation omitted). Id., quoting Bank v. Thermo Elemental Inc., 451 Mass. 638, 648 (2008). An ambiguity exists if, after this examination, the "phraseology can support a reasonable difference of opinion as to the meaning of the words employed." See Bank, supra, quoting President & Fellows of Harvard College v. PECO Energy Co., 57 Mass. App. Ct. 888, 896 (2003). When ascertaining ambiguity, "we do not read words in isolation and out of context." Hillman v. Hillman, 433 Mass. 590, 593 (2001). Rather, we review "the trust instrument as a whole." Id. In construing the trust, our goal always is to "strive to discern" and give effect to "the settlor's intent." Id.

 Turning to the language of the trust, article 16.06(13) expressly states that "for cause" includes "[a]ny other reason for which a state court of competent jurisdiction would remove a trustee." On its face, this language includes § 706 (b) (4), which constitutes a 

 Page 43 

"reason for which" a Massachusetts court "would remove a trustee." Although the trust code was enacted in 2012 and thus the Massachusetts version of § 706 (b) (4) postdates the trust's creation in 2006, we cannot for that reason exclude § 706 (b) (4) from falling within article 16.06's definition of "for cause." For one thing, the trust code (with limited exceptions not implicated here) applies "to all trusts created before, on or after [its] effective date" and "to all judicial proceedings concerning trusts commenced on or after the effective date" (emphasis added). See St. 2012, c. 140, § 66 (a); Matter of the Colecchia Irrevocable Family Trust, 100 Mass. App. Ct. 504, 520 & n.20 (2021). Moreover, and in any event, as of 2006 Massachusetts courts had fairly broad discretion to remove trustees if "such removal [was] for the interests of the beneficiaries," even absent trustee malfeasance. G. L. c. 203, § 12, repealed by St. 2008, c. 521, § 26. See also Matter of the Trusts Under the Will of Crabtree, 449 Mass. 128, 136 (2007) ("Dismissal of a trustee need not be predicated on the trustee's dishonest or selfish actions"). [Note 7]

 Joseph's response, which the judge adopted, is that removal under § 706 (b) (4) constitutes removal "without cause," and that the trust prohibits removal without cause as to him. The argument is not without force, but the difficulty is that neither § 706 (b) (4) nor the trust instrument label removal for reasons like § 706 (b) (4) as removal "without cause." [Note 8] Section 706 (b) (4) has four requisites that must be met, including that all beneficiaries request removal and that the court find that removal "best serves the interests of all of the beneficiaries." Nothing about those concepts says that the resulting removal is "without cause." True, those grounds are not close analogs of fraud, misuse of trust 

 Page 44 

assets, or other such common reasons for removing a trustee. But Joseph points us to no authority that defines removal "without cause," or that places § 706 (b) (4) within such a category. [Note 9]

 Nor does the trust document establish that the grounds of § 706 (b) (4) are "without cause." As already discussed, in defining "cause" article 16.06(13) is written broadly, and its plain language encompasses § 706 (b) (4). Joseph urges that the first twelve definitions of "cause" in article 16.06 all have to do with trustee suitability, and that accordingly the catch-all in article 16.06(13) must be constrained similarly, to encompass only like reasons for removal. Article 16.06, however, also lists reasons for removal that go beyond the most common forms of trustee unsuitability, to include others rooted in prudence or common sense -- for example, "[t]he failure of a corporate trustee to appoint a senior officer with at least five (5) years of experience in the administration of trusts" (article 16.06[9]) or "[t]he relocation by a Trustee away from the location where the Trust operates" (article 16.06[11]). Because article 16.06's list embraces such reasons, its "any other reason" clause also can be read to include other, unenumerated bases for removal recognized in law. [Note 10] We accordingly cannot, on the basis of the trust document alone, exclude the notion that § 706 (b) (4) qualifies as a "for cause" reason under the trust.

 We do not agree with Joseph that article 16.11 conclusively 

 Page 45 

alters the above calculus. See Watson v. Baker, 444 Mass. 487, 491 (2005) ("language of the whole instrument" must be "considered"). Article 16.11 generally permits trustee removal "with or without cause" after Emily's death, but article 16.11 does not apply to those trustees, like Joseph, appointed by the settlor. The implication of this provision, when read together with article 16.06, is that the settlor did in fact intend to differentiate between "for cause" and "without cause" removal. Article 16.11's language, however, does not elucidate what that difference is; it does not define or describe what constitutes "without cause" reasons, or how they differ from the "other reason[s]" encompassed in article 16.06(13).

 We conclude, accordingly, that the trust instrument is ambiguous as to whether § 706 (b) (4) can provide a basis for removing Joseph, and that further proceedings are required in which the judge may take evidence, in particular regarding the settlor's intent, to help resolve the ambiguity. See Berman v. Sandler, 379 Mass. 506, 510 (1980) ("Consideration of . . . extrinsic evidence is proper where . . . a trust [is] ambiguous"). The judgment is therefore vacated, and the case is remanded to the Probate and Family Court for further proceedings.

So ordered.

FOOTNOTES
[Note 1] As the parties and the trust settlor share the same surname, we sometimes refer to them by their first names to avoid confusion. 

[Note 2] Samet passed away while Emily's petition was pending. The decision below and the parties' briefing focused solely on Joseph's removal. We therefore do the same, referring to Joseph as the sole respondent. 

[Note 3] The distribution of the assets in the two shares, however, will differ upon Emily's death. Emily can appoint the beneficiaries of the spousal share, with any undesignated portion of the spousal share to be distributed to her children. The other share, the donor's family share, will be divided and allocated "into as many equal shares as there are children of [Leo] then living and children of [Leo] then deceased leaving issue then living, adjusting for advancements." 

[Note 4] Emily averred in her petition that her two adult daughters are the only other qualified beneficiaries of the spousal share, and that they had assented to Joseph's removal. 

[Note 5] The first twelve reasons constituting "for cause" removal are: 

"1. The legal incapacity of a Trustee.

"2. The willful or negligent mismanagement by the Trustee of the Trust's assets.

"3. The abuse or abandonment of, or inattention to, the Trust by the Trustee.

"4. A federal or state charge against the Trustee involving the commission of a felony or serious misdemeanor.

"5. An act of stealing, dishonesty, fraud, embezzlement, moral turpitude, or moral degeneration by the Trustee.

"6. The use of narcotics or excessive use of alcohol by the Trustee.

"7. The poor health of the Trustee such that the Trustee is physically, mentally, or emotionally unable to devote sufficient time to administer the Trust.

"8. The failure by the Trustee to comply with a written fee agreement or other written agreement in the operation of the Trust.

"9. The failure of a corporate trustee to appoint a senior officer with at least five (5) years of experience in the administration of trusts to handle the trust account.

"10. Changes by a corporate trustee in the account officer responsible for handling the trust account more frequently than every five (5) years (unless such change is made at the request of or with the acquiescence of the other trustee).

"11. The relocation by a Trustee away from the location where the Trust operates so as to interfere with the administration of the Trust.

"12. A demand from the Trustee for unreasonable compensation for such Trustee's services."

[Note 6] The commentary to both the Massachusetts trust code, and the Uniform Trust Code on which it is based, express that the trust language usually controls over the statutory provisions. See Report of the Ad Hoc Massachusetts Uniform Trust Code Committee 1 (rev. July 18, 2012) ("Most of the Uniform Trust Code consists of default rules. They apply only if the terms of the trust fail to address or insufficiently cover a particular issue [see Section 105]"). See also Uniform Trust Code § 105 comment (rev. 2010) ("[T]he settlor is generally free to override these rules and to prescribe the conditions under which the trust is to be administered. With only limited exceptions, the duties and powers of a trustee, relations among trustees, and the rights and interests of a beneficiary are as specified in the terms of the trust"). 

[Note 7] Thus, even if we were to read article 16.06(13) as encompassing only those reasons for which courts would remove trustees as of the trust's creation in 2006, that would not alter our conclusion where, as of 2006, trustees were removed for reasons similar to those set forth in § 706 (b) (4). Compare G. L. c. 203E, § 706 (b) (4) (removal permitted where it "serves the interests of all of the beneficiaries" and other statutory requirements are satisfied), with G. L. c. 203, § 12, repealed by St. 2008, c. 521, § 26 (removal permitted if "such removal is for the interests of the beneficiaries of the trust or" if trustee has become "unsuitable" [emphasis added]). See Matter of the Valerie R. Pecce Supplemental Needs Trust, 99 Mass. App. Ct. 376, 379 (2021) (trust code did not displace common law). 

[Note 8] Joseph also relied on Emily's characterization of her own action, in her petition, as seeking removal "without cause." While an unfortunate choice of words, we do not think the characterization is somehow conclusive of the issues of construction presented by this case. 

[Note 9] Joseph argues that other State courts interpreting analogs to § 706 (b) (4) have labeled those provisions "no-fault" removal provisions, and that this supports the notion that § 706 (b) (4) is a "without cause" form of removal. See, e.g., Wilson, 303 Neb. at 437 ("Some courts have referred to the[se] grounds for removal . . . as a 'no-fault' removal provision, because it allows for removal with no showing of wrongdoing on the part of the trustee"). We do not agree, however, that removal reasons that are not focused on specific trustee wrongdoing necessarily equate to removal "without cause." "No fault" and "without cause" are not necessarily synonymous. The trust code does not define any of its reasons for removal as either "for cause" or "without cause," and as noted supra, removal under § 706 (b) (4) requires specific findings that quite arguably relate to trustee suitability. 

[Note 10] Joseph's argument is essentially one based on the doctrine of ejusdem generis. That doctrine provides that "[w]here general words follow specific words in an enumeration describing the legal subject, the general words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words." Dickson v. Riverside Iron Works, Inc., 6 Mass. App. Ct. 53, 55-56 (1978), quoting 2A Sands, Sutherland Statutory Construction § 47.17 (4th ed. 1973). For the reasons stated, the bases of § 706 (b) (4) are not so obviously different from those in article 16.06(1)-(12) that it can be excluded as a matter of law. 

 
 Home/Search 
 Table of Cases by Citation
 Table of Cases by Name 
 

 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.